NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

------------------------------------------------X

FILED
JAMES J. WALDRON, CLERK
OCT 16 2015
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____ DEPUTY

| | |
|---|---|
| In Re: | CHAPTER 7 |
| JOSEPH F. SIMPSON, | CASE NO. 14-16173 (JNP) |
| Debtor. | |

------------------------------------------------X

JOSEPH D. MARCHAND, CHAPTER 7
TRUSTEE,

      Plaintiff,

v.

JOSEPH PIRANEO
and MICHELLE PIRANEO,

      Defendants.

------------------------------------------------X

ADV. PRO. NO. 15-01934 (JNP)

**OPINION**

**APPEARANCES:**

Paul Pflumm, Esq.
Joseph A. McCormick, Jr., P.A.
76 Euclid Avenue-Suite 103
Haddonfield, NJ 08033
*Attorney for Plaintiff, Chapter 7 Trustee*

Lisa R. Bouckenooghe, Esq.
David DiSabato, Esq.
DiSabato & Bouckenooghe LLC
4 Hilltop Road
Mendham, NJ 07945
*Attorneys for Defendants, Joseph Piraneo and Michelle Piraneo*

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

## INTRODUCTION

This matter is before the Court upon the Defendants' motion to dismiss (the "Motion to Dismiss") the adversary proceeding (the "Adversary Proceeding") filed by the Chapter 7 Trustee. The Court also asked the parties to brief whether mandatory or permissive abstention applies to this Adversary Proceeding. For the reasons set forth below, the Motion to Dismiss is denied, and the Court will not abstain. However, the Adversary Proceeding shall be stayed pending the resolution of the State Court Action.

## FACTUAL BACKGROUND

For the purposes of ruling on the Motion to Dismiss, the Court accepts as true the facts set forth in the Trustee's adversary complaint (the "Complaint"). Joseph and Michelle Piraneo (the "Defendants") are married individuals residing at property located at 2 Briarwood Road, Long Valley, NJ 07852 (the "Property"). Complaint ¶ 2. On March 31, 2014 (the "Petition Date"), Joseph F. Simpson (the "Debtor") filed for bankruptcy. Id. ¶ 7. Prior to the Petition Date, the Defendants leased the Property from the Debtor pursuant to a Residential Lease Purchase Agreement (the "Agreement"). Id. ¶ 9. According to the Debtor, as of May 7, 2015, the total rent due from the Defendants amounted to $442,500, and unpaid rent continues to accrue. Id. ¶ 12.

The Motion to Dismiss sets forth additional factual allegations, which the Court considered solely as background. On or around 2008, the Defendants sought assistance in order to prevent losing the Property as a result of foreclosure. Memorandum of Law in Support of Motion to Dismiss at 3. Sean Niell, under the auspices of Citizens Financial, LLC, told the Defendants that the only way they could save the Property was to deed the Property to the

2

Debtor, who would refinance the home using his credit score. Id. In exchange, the Defendants would rent the Property for a one year period, and the Debtor would make the mortgage payments. Id. At the end of the one year period, the Property would be sold back to the Defendants. Id. The Agreement memorialized these terms, and was executed on March 7, 2008. Id. On or around January 2009, the Debtor stopped making mortgage payments. Id.

The Agreement also contained a buy and sell provision in the amount of $560,000. Id. at 4. However, the HUD-1 listed the contract sales price at $670,000. Id. At the time the Property was sold to the Debtor, the Defendants' existing loan had a balance of $236,338.68. Id. The Debtor took out a mortgage on the Property from JP Morgan Chase Bank ("Chase Bank") in the amount of $569,500, which was a $306,161.32 increase over the Defendants' previous obligation. Id. In taking out this mortgage, the Debtor effectively stripped all of the equity out of the Property. Id.

Despite the terms of the Agreement, the Property was not sold back to the Defendants. Id. In March 2010, the Debtor sent the Defendants a rent-demand letter, asserting that the Defendants defaulted as of May 1, 2009. Id.

**PROCEDURAL BACKGROUND**

On February 28, 2014, the Defendants filed an action in state court (the "State Court Action") against the Debtor, Chase Bank, and other defendants. The State Court Action contained eleven counts, including one to quiet title.

On March 31, 2014, the Debtor filed a Chapter 13 petition; the case was converted to Chapter 7 on September 3, 2014. Joseph D. Marchand, Esq. was appointed as the Chapter 7

Trustee (the "Trustee"). The Defendants filed a proof of claim in the amount of $406,661.31, to which they attached a copy of the state court complaint.

On July 7, 2014, the Defendants filed an adversary proceeding (the "First Adversary Proceeding") against the Debtor, Chase Bank, and other defendants, with the same eleven counts that were set forth in the State Court Action. Chase Bank filed a motion to dismiss or alternatively, for abstention over the adversary. Based on the understanding that the Trustee was going to abandon interest in the Property, the Court entered an order on October 24, 2014, dismissing the First Adversary Proceeding without prejudice. The order stated that "[t]he Court hereby abstains from exercising jurisdiction over this adversary proceeding and it is hereby dismissed in its entirety, without prejudice." <u>Order Granting Motion to Dismiss the First Adversary Proceeding</u>, Adv. Pro. No. 14-01610, Doc. No. 16. Shortly thereafter, the Trustee abandoned his interest in the Property.

On January 14, 2015, the Defendants voluntarily dismissed all of the counts against the Debtor in the State Court Action, with the exception of the count seeking to quiet title as to the Property. In their submissions and at the Court's hearing to consider the Motion to Dismiss on September 15, 2015, the Defendants acknowledged that the parties to the State Court Action have already exchanged and responded to written discovery; fact discovery was completed on July 31, 2015; and the parties will conclude expert discovery by December 15, 2015.

On February 6, 2015, the Trustee sent a letter to the Defendants demanding the payment of rental proceeds in the amount of $401,200. On May 15, 2015, the Trustee filed the Adversary Complaint, initiating this Adversary Proceeding against the Defendants, seeking the rental proceeds.

4

On June 16, 2015, the Defendants filed the Motion to Dismiss, which the Trustee opposed. In response to the Trustee's opposition, the Defendants filed a reply brief which argued, inter alia, that the Court should abstain from hearing the matter. On July 31, 2015, the Court issued a letter to the parties requesting briefing as to the issue of abstention.

## JURISDICTION

The Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (C) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## DISCUSSION

### I.    **The Motion to Dismiss Is Denied**

The Motion to Dismiss asserts that the Trustee's Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b). Pursuant to Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) (citing Fed. R. Civ. P. 12(b)(6)). Recently, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff

---

[1] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

5

to plead more than the possibility of relief to survive a motion to dismiss" under Rule 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007)). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Iqbal, 556 U.S. at 677, 129 S. Ct. at 1949) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1973 (2007)). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

To evaluate a complaint in light of a motion to dismiss, the court must complete a two part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 Fed. App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233-234 (3d Cir. 2008); Iqbal, 556 U.S. at 678-84, 129 S. Ct. at 1950-53 (2009)). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. Id.

The Court concludes that the Complaint has set forth a sufficient set of circumstances under which the Trustee may prevail, and therefore can survive the Motion to Dismiss. The Motion to Dismiss asserts that: (1) the action is time barred; (2) the rents are not property of the

estate and the Trustee lacks standing to pursue the claims asserted; (3) the Complaint is barred by the doctrine of res judicata; and (4) the Complaint is barred by the Entire Controversy Doctrine.

First, the action is not time barred. While a six year statute of limitations would apply pursuant to N.J.S.A. 2A:14-1, § 108(a) of the Bankruptcy Code provides for the limitations period to be the later of the state law deadline or two years after the petition date. See 11 U.S.C. § 108(a). Since the Debtor filed for bankruptcy in March 2014, the deadline to file the Complaint would be at least until March 2016. Thus, the action is not time barred.

Second, the Court does not accept that the rents are necessarily excluded from property of the estate. In In re Jason Realty, L.P., 59 F.3d 423 (3d Cir. 1995), the Third Circuit held that an absolute assignment of rent removes rental proceeds from property of the estate. In the Motion to Dismiss, the Defendants aver that the Debtor's mortgage with Chase Bank included an assignment of rents. According to the Defendants, when the Debtor defaulted on the mortgage, title to the rents was transferred to Chase Bank, causing the rental proceeds to be removed from property of the estate. However, the Court does not believe that Jason Realty applies to the case at hand. Under Jason Realty, supra, "an assignment is absolute if its language demonstrates an intent to transfer immediately the assignor's rights and title to the rents." Id. at 427. In Jason Realty, the assignment provision at issue stated, "Jason Realty 'hereby grants, transfers and assigns to the assignee the entire lessor's interest in and to those certain leases . . . Together with all rents.'" Id. (emphasis added). In the case at hand, while the assignment provision shows intent to assign money received from damage, condemnation or taking of the Property, there is no mention of rents or a lease. In order for the Defendants' argument to prevail, the assignment provision must demonstrate an unambiguous intent to transfer title to rents. However, the

7

assignment provision contains no such language. Thus, the Court cannot conclude that the rents are excluded from property of the estate.

Third, the Complaint is not barred by the doctrine of res judicata. Three elements must be satisfied in order to apply the bar of res judicata:

> (1) the final judgment in the prior action must be valid, final, and on the merits;
> (2) the parties in the later action must be identical to or in privity with those in the prior action; and
> (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

In re Eight Bulls, LP, 439 B.R. 370, 377 (Bankr. D.N.J. 2010) aff'd sub nom. Sheehan v. Dobin, 2011 WL 3625586 (D.N.J. Aug. 15, 2011). Here, the judgment in the First Adversary Proceeding was not on the merits. Rather, Judge Burns abstained and dismissed the adversary based on a lack of subject matter jurisdiction. A dismissal based on lack of subject matter jurisdiction is not a decision on the merits and is not given res judicata effect. See Jama v. U.S. I.N.S., 22 F. Supp. 2d 353, 361 (D.N.J. 1998). See also Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule—except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added)).

Lastly, the Complaint is not barred by the Entire Controversy Doctrine. The Entire Controversy Doctrine is usually applicable in federal court where there is a prior final judgment issued by a state court. "The entire controversy doctrine applies more predominantly in state court as opposed to federal court, save a federal court sitting in diversity jurisdiction. When the doctrine is applied in bankruptcy court, it usually appears in cases where a previous state court action occurred and resulted in a judgment ordered." In re Popular Club Plan, Inc., 395 B.R. 587, 593 (Bankr. D.N.J. 2008). Here, there is no prior judgment in the State Court as to the parties. Thus, the Entire Controversy Doctrine does not apply.

## II. The Court Will Not Abstain Under 28 U.S.C. § 1334(c)(2) (Mandatory Abstention)

Section 1334(c)(2) governs when the Court must abstain from hearing a matter. Six elements must be established for the Court to abstain under § 1334(c)(2):

> (1) where a timely motion is made, (2) the proceeding is based on state law, (3) the proceeding is "related to" a Title 11 case, (4) but not "arising under title 11 or arising in a case under title 11," (5) the action could not have been commenced in federal court absent the bankruptcy jurisdiction, and (6) an action is already commenced and timely adjudication is possible in state court, then the Court <u>must</u> abstain from hearing it.

<u>Balcor/Morristown Ltd. P'ship v. Vector Whippany Associates</u>, 181 B.R. 781, 788 (D.N.J. 1995). In the case at bar, the Defendants have not met all of the elements.

First, the Defendants have not filed a motion for abstention. Although the Defendants raised the issue of abstention in their reply brief, they have not filed a proper motion. See <u>First W. SBLC, Inc. v. Mac-Tav, Inc.</u>, 231 B.R. 878, 883 (D.N.J. 1999) (holding that requesting abstention in a reply brief is not sufficient to invoke the mandatory abstention provision); <u>In re Rabzak</u>, 79 B.R. 966, 967 n.5 (Bankr. E.D. Pa. 1987) ("The trustee also argues that we must abstain from hearing the summons matter .... If the trustee is suggesting that we must abstain, a motion is the appropriate vehicle for presenting his argument.")

Second, the matter is a core proceeding. As noted in <u>Balcor</u>, 181 B.R. at 790, "Congress, by virtue of its use of the 'arising under' and 'arising in' language in section 1334(c)(2), incorporated the core/non-core distinction into the mandatory abstention test." Whether a state law claim constitutes a core proceeding depends upon: "(1) whether the creditor filed a proof of claim with the bankruptcy court, and (2) the relationship between the state action and proof of claim." <u>Kurz v. EMAK Worldwide, Inc.</u>, 464 B.R. 635, 642 (D. Del. 2011). Notably,

> [A] pre-petition state law claim may transform into a core proceeding if the creditor files a proof of claim with the bankruptcy court. See In re Meyertech Corp., 831 F.2d 410, 417–18 (3d Cir. 1987) (recognizing that although this "action ... has as its foundation a question of the validity of a claim which accrued under state law against the bankrupt estate prior to bankruptcy," the claimant's filing of a proof of claim invoked the bankruptcy court's core jurisdiction); see also In re Phico Group, Inc., 304 B.R. 170, 173 (Bankr. M.D. Pa. 2003) (concluding that the filing of a proof of claim transformed a non-core proceeding into a core proceeding). The voluntary act of filing a proof of claim "triggers the process of 'allowance and disallowance of claims,' thereby subjecting [the claimant] to the bankruptcy's courts equitable power." Langenkamp v. Culp, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58–59 and n. 14, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)).
>
> The filing of a proof of claim, however, only transforms a pre-petition state law action into a core proceeding when the proof of claim raises the identical issues as the state action.

Kurz, 464 B.R. at 642-43. Here, the Defendants' proof of claim attached a copy of the state court complaint. Thus, the proof of claim raises the same issues as in the State Court Action. Furthermore, the Trustee's Complaint is essentially a counterclaim against the Defendants' proof of claim. For these reasons, the Adversary Proceeding is a core proceeding.

Third, timely adjudication may not be possible in state court, since the Trustee is not a party in the State Court Action and would have to seek to intervene at a late stage. A motion to intervene may not be granted by the state court because the parties are already engaged in expert discovery.

Thus, the Court determines that mandatory abstention does not apply.

### III. The Court Will Not Abstain Under 28 U.S.C. § 1334(c)(1) (Permissive Abstention)

In determining whether permissive abstention is appropriate, the Court should consider many factors, including:

1.) the presence in the proceeding of non debtor parties;
2.) the extent to which state law issues predominate;
3.) the unsettled nature of the applicable state law;
4.) the presence of a related proceeding commenced in state court;
5.) the jurisdictional basis, if any, other 28 U.S.C. § 1334;
6.) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7.) the substance rather than the form of an asserted "core" proceeding;
8.) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court without enforcement left to the bankruptcy court;
9.) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
10.) the existence of a right to a jury trial;
11.) the burden on the bankruptcy court's docket; and
12.) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 185 (Bankr. D.N.J. 2002).

Five of the above twelve factors weigh against abstention, four of the factors weigh in favor of abstention, and three of the factors do not weigh heavily one way or the other. Since the above list is not exclusive, the Court has also considered an additional factor (discussed below), which weighs against abstention.

### The Presence in the Proceeding of Non-Debtor Parties

This factor is neutral as applied to the case at hand. Other than the Trustee (on behalf of the estate) and the Defendants (as putative creditors), there are no other parties to the Adversary Proceeding. Since no other non-debtor parties are present, this factor does not weigh in favor of abstention. See In re Asousa P'ship, 264 B.R. 376, 391 (Bankr. E.D. Pa. 2001) ("Debtor and [Defendant] are the sole parties to this proceeding. The presence of other nondebtor parties would weigh in favor of abstention. As there are none, this factor is neutral as applied here."); Bricker v. Martin, 348 B.R. 28, 37 (W.D. Pa. 2006) aff'd, 265 F. App'x 141 (3d Cir. 2008)

(finding that this factor is neutral where "[t]here are no parties to the adversary proceeding besides the Debtor and putative creditors.").

### The Extent to Which State Law Issues Predominate

This factor weighs in favor of abstention because the Trustee's Complaint is entirely based upon state law. Indeed, this is a contract dispute involving a claim for unpaid rents (which the Defendants allege stems from an alleged fraudulent sale-leaseback scheme).

### The Unsettled Nature of Applicable State Law

The Court is not aware of any unsettled issues of state law in question. Therefore, this factor weighs against abstention.

### The Presence of a Related Proceeding Commenced in State Court

This factor does not weigh heavily in favor of or against abstention. While the State Court Action centers on the same transaction upon which the Trustee's claims are based, the relief sought in the State Court Action (quiet title) is distinct from the relief sought in the Adversary Proceeding (collection of rents).

### The Jurisdictional Basis, if any, other 28 U.S.C. § 1334

This factor weighs in favor of abstention because there are no other bases beyond 28 U.S.C. § 1334 on which to premise jurisdiction. Absent the Bankruptcy Court's jurisdiction, this matter would not be before a federal court.

### The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case

This factor weighs against abstention because the degree of relatedness of the Adversary Proceeding to the main bankruptcy case is significant. The Defendants' proof of claim is the second largest claim, and the Trustee has represented that the potential recovery from this Adversary Proceeding is the sole substantial asset of the estate. Where a claim could represent a

significant portion of the bankruptcy estate, its relatedness to the bankruptcy case is close, and can weigh against abstention. See Allen v. J.K. Harris & Co., LLC, 331 B.R. 634, 647 (E.D. Pa. 2005) ("[T]he value of the claim, if successfully and fully adjudicated, could potentially represent 50% of the bankruptcy estate. Because this is a potentially significant impact, the Court concludes that its relatedness to the bankruptcy case could weigh against permissive abstention.").

### The Substance Rather Than the Form of an Asserted "Core" Proceeding

This factor weighs against abstention. As discussed above, this is a core proceeding because the Defendants filed a proof of claim which set forth the very same issues as in the State Court Action, and the Trustee's Complaint is essentially a counterclaim against the Defendants' proof of claim. Thus, the substance of the proceeding is "core".

### The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to be Entered in State Court Without Enforcement Left to the Bankruptcy Court

This factor weighs against abstention. It would not be feasible to sever the Trustee's state law claims from core issues relating to the administration of funds (i.e., rents) that may accrue to the estate.

### The Effect or Lack Thereof on the Efficient Administration of the Estate if a Court Recommends Abstention

This factor weighs in favor of abstention because it is unlikely that the Court could effectuate an efficient administration of the estate until the State Court Action, i.e., the quiet title claim, is resolved. The outcome of the State Court Action may determine whether or not the Trustee was ever entitled to rents. More specifically, if the Defendants were to prevail in their quiet title claim, the Debtor, and in turn, the Trustee, may not be entitled to the payment of rents.

Thus, if this Court were to abstain, it would give the state court the opportunity to resolve the quiet title claim, which must be done before the Debtor's estate could be administered.

### The Existence of a Right to a Jury Trial

This factor weighs in favor of abstention because the proceeding, based on the collection of unpaid rents, is a breach of contract dispute which gives rise to the right to a jury trial. See Beard v. Braunstein, 914 F.2d 434, 437-41 (3d Cir. 1990) (where Chapter 7 trustee brought proceeding against tenant for unpaid rent, the Third Circuit held that the proceeding gave rise to the right to a jury trial, as the trustee's claims were contractual in nature and sought legal damages).

### The Burden on the Bankruptcy Court's Docket

This factor weighs against abstention. Since the proceeding will sit in abeyance pending the outcome of the quiet title action, the proceeding is not a true burden on the Bankruptcy Court's docket.

### The Likelihood that the Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping by One of the Parties

This factor does not weigh heavily one way or the other. The Defendants have not presented a strong argument to establish that the Trustee is forum shopping. Thus, it is neither likely nor unlikely that the commencement of the proceeding in the Bankruptcy Court involves forum shopping.

### An Additional Factor: The Ability of the Trustee to Intervene in the State Court Action

This factor weighs against abstention. If the Court abstains, the Trustee will need to seek to intervene in the State Court Action at a late stage. Indeed, the parties are already concluding expert discovery. Thus, intervention may prove to be a difficult task for the Trustee.

Of the thirteen factors considered by the Court, six weigh against abstention and three do not weigh heavily one way or the other. Thus, the Court finds that the weight of the factors militates against permissive abstention.

## CONCLUSION

The Motion to Dismiss is denied. Furthermore, the Court will not abstain. However, as discussed at the hearing, the Court believes that the outcome of the State Court Action could be dispositive in this Adversary proceeding. In other words, the outcome of the Adversary Proceeding (and whether the Debtor and thus the Trustee is entitled to rents) likely hinges upon the outcome of the State Court Action. For example, if the Defendants prevail in their quiet title count, it is possible that the Debtor (and thus, his estate) has no right to rent. Thus, the Court shall stay this Adversary Proceeding pending resolution of the State Court Action. The Court is hereby scheduling a status conference to take place on Tuesday, January 12, 2016, at 2:00 p.m.

Dated: October 16, 2015

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE